IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen W. Jackson,<br><br>               Plaintiff,<br><br>         v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>               Defendant. | C/A No. 0:08-0579-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

      This social security matter is before the court for a Report and Recommendation pursuant to Local Rule 83.VII.02 DSC <u>et</u> <u>seq.</u>  The plaintiff, Karen W. Jackson ("Jackson"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

      Jackson applied for SSI and DIB.  Her applications were denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  After a hearing held September 7, 2005, at which Jackson appeared and testified, the ALJ issued a decision dated November 11, 2006 denying benefits and finding that Jackson was not disabled because, under the vocational guidelines promulgated by the Commissioner, Jackson remains able to perform work found in the national economy.  <u>See</u> <u>generally</u> 20 C.F.R. Pt. 404, Subpt. P, App. 2.  Specifically, the ALJ found that Jackson was able to perform sedentary work.  Jackson was 40 years old at the time of the ALJ's decision.  She has an eleventh grade education and past relevant work experience as a



school bus driver, front desk clerk, hair stylist, housekeeper, and cashier. (Tr. 93.) Jackson alleges disability since December 9, 2003, when she was involved in a motor vehicle accident while driving a school bus.

The ALJ found:

1.   The claimant meets the insured status requirements of the Social Security Act through September 30, 2007.

2.   The claimant has not engaged in substantial gainful activity since December 9, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

\* \* \*

3.   The claimant has the following severe impairments: status-post lumbar fusion; minimal degenerative disc disease at C5-6, and hypertension (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined by the Commissioner of the Social Security Administration. The claimant is able to lift and carry no more than ten pounds and occasionally lift or carry articles like docket files, ledgers, and small tools. The claimant can sit a total of six hours in an eight-hour workday, stand two hours in an eight-hour workday, and walk two hours in an eight-hour workday.

\* \* \*

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7.   The claimant was born on April 5, 1966 and was 37 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

8.   The claimant testified that she completed the 11th grade and did not obtain a General Education Diploma. She has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).



> 9.  Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled" (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> \* \* \*
>
> 11. The claimant has not been under a "disability," as defined in the Social Security Act, from December 9, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 22-30.)

On January 10, 2007, Jackson retained new counsel to represent her in her appeal of the ALJ's decision. On March 14, 2007, Jackson submitted copies of her medical records from September 15, 2004 through November 7, 2006 with her appeal to the Appeals Council. (Tr. 386-06.) These records were not submitted to the ALJ. On January 9, 2008, the Appeals Council denied Jackson's request for review, making the decision of the ALJ the final action of the Commissioner. Jackson filed this action on February 19, 2008.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); <u>see</u> <u>also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:



    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported



by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. at 589. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Jackson raises the following issues for this judicial review, alleging that:

1. The Appeals Council erred in not properly considering the new and material evidence plaintiff submitted.

2. The ALJ erred in not developing the medical evidence concerning plaintiff's impairments.

3. The ALJ erred in not considering all of plaintiff's impairments.

(Pl.'s Br. at 2, Docket Entry 17.)

## DISCUSSION

Following the ALJ's decision, Jackson retained new counsel to represent her in her appeal. The most current medical records considered by the ALJ were dated November 2004, which was ten months before Jackson's hearing and two years before the ALJ's decision. (See Tr. 365.) The ALJ,



in reaching her decision that Jackson was not disabled, discredited Jackson's claims in part because she failed to seek medical treatment from November 2004 until her hearing in September 2005. On March 14, 2007, Jackson submitted copies of her medical records from September 15, 2004 through November 7, 2006 with her appeal to the Appeals Council. (Tr. 386-406.) These records included: (1) Records from Dr. Charles H. Hughes (Tr. 405, 406); (2) Records from Roper Hospital (Tr. 404); and (3) Records from James Island Family Practice (Tr. 386-403).

On January 9, 2008, the Appeals Council denied Jackson's request for review. Specifically, the Appeals Council stated that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 4-5.) The Order of Appeals Council listed the additional medical records that Jackson submitted with her appeal.

Evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review "'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir.1991) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3.

Jackson contends that although the Appeals Council listed the new evidence and stated that it considered the evidence, the Appeals Council failed to discuss the new evidence, thereby rendering



a meaningful review by this court difficult. The parties do not appear to dispute that the additional evidence submitted to the Appeals Council was new and relates to the period before the date of the ALJ's decision. However, the Commissioner, relying on unpublished Fourth Circuit case law, argues that the Appeals Council is not required to articulate specific reasons for how it weighed the newly submitted evidence. See Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001) (unpublished); Hollar v. Comm'r of the Soc. Sec. Admin., 194 F.3d 1304 (4th Cir. 1999) (Table). Further, the Commissioner asserts that the additional evidence is not material, as it provided no basis to change the decision of the ALJ.

As an initial matter, cases in this circuit appear to conflict as to whether the Appeals Council must articulate and state reasons for the assessment of additional evidence. Compare Freeman, 15 Fed. Appx. 87 (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence); Hollar, 194 F.3d 1304 (stating that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision"); Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review.") (internal quotation marks omitted) with Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) (concluding that the opinion of the Appeals Council which stated "only that the additional evidence had been considered, was plainly deficient"); Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (declining to follow the unpublished Fourth Circuit opinions and stating that "the Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence"); Wheelock v. Astrue, No. 9:07-3786-HMH-BM, 2009 WL 250031 (D.S.C. Feb. 3, 2009) (remanding



the case to the ALJ "to articulate his assessment of the new and material evidence presented by Wheelock so that this court may determine whether the ALJ's decision is supported by substantial evidence").

In the ALJ's decision denying benefits, she states repeatedly that there is no evidence in the record showing that the claimant returned to or sought treatment elsewhere subsequent to November 2004. (See Tr. 26 n.3, 27 n.4, 28.) The ALJ appears to conclude that Jackson's subjective complaints are undermined at least in part by this observation. (Id.) However, the additional medical records submitted to the Appeals Council demonstrate that this in fact was not the case. These records indicate treatment in September of 2004; February, March, April, May, July, August, and September of 2005; and March, July, August, and November of 2006. (See Tr. 386-406.)

Thus, the ALJ's decision was apparently based at least in part on her finding that Jackson had not returned or sought treatment subsequent to November 2004. Regardless of whether the Appeals Council is required to articulate specific reasons for its conclusions regarding the additional evidence, it is reasonably possible that the additional medical evidence would provide a basis to change the decision of the ALJ. Accordingly, this additional evidence may be material, and without an explanation regarding the additional evidence, this court cannot determine whether the Commission's decision is supported by substantial evidence. Therefore, the additional evidence that was presented to the Appeals Council requires further development of the record. See Thomas v. Comm'r of Soc. Sec. Admin., 24 Fed. Appx. 158, 161-63 (4th Cir. Dec. 17, 2001) (unpublished) (concluding that a remand was necessary where the Appeals Council summarily determined that the new evidence failed to provide a basis for changing the ALJ's decision and further development of the record was required). Without a reasoned decision on the new evidence and a continuation of



the sequential evaluation process, if necessary, the court cannot determine whether substantial evidence supports the Commissioner's decision.

### RECOMMENDATION

The court cannot determine based on the record before it whether the Commissioner's decision is supported by substantial evidence. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 22, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).